MURPHY, Circuit Judge,
concurring in part and dissenting in part.
I concur with the panel’s conclusion that McMiller has presented a triable issue as to whether she was subjected to quid pro quo harassment, but I respectfully dissent from its conclusion that she has not shown a triable issue as to whether she was .also subjected to a hostile work environment.
Title VII has long been recognized to be violated by conduct severe or pervasive enough ■ to create an objectively hostile work environment. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). The Supreme Court has explained that “whether an environment is ‘hostile’ or ‘abusive’ can be determined only by looking at all the circumstances.” Id. at 23, 114 S.Ct. 367. Such circumstances “may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee’s work performance,” and the effect on the employee. Id. The Court in Harris held that while numerous factors may be taken into account, “no single factor is required.” Id.
The record facts of the present case have created a triable issue as to whether McMiller was subjected to a hostile work environment. McMiller has alleged repeated instances of physical harassment by her direct supervisor spanning the entire term of her brief five months of employment. McMiller testified that supervisor Brown called her into his office one day and told her to lock the door behind her, then asked her to remove an ingrown hair from his chin. When she hesitated he threatened her employment and prevented her from leaving the room by placing his arms around her “in a locked position.” Multiple unwanted kisses on the face followed. Moreover, the same supervisor had made prior unwelcome sexual advances' by touching and kissing McMiller during her first week of employment. Although she rebuked him and told him his actions made her uncomfortable, McMiller testified that on a third occasion Brown attempted to embrace her again and she was required to fend him off. She repeated her verbal objections to this conduct.
These acts were not ordinary harassment allegations. They rose above the level of “mere offensive utterance” to sexual physical advances that were not only unwelcome, but humiliating. See Harris, 510 U.S. at 23, 114 S.Ct. 367. McMiller communicated her lack of consent to being touched and kissed by Brown during her first week of work. It is especially significant that these advances came from her direct supervisor, for “acts of supervisors have greater power to alter the environment than acts of coemployees generally.” Faragher v. City of Boca Raton, 524 U.S. 775, 805, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).
I disagree with the panel conclusion that the harassment in this case is less severe than in Rorie v. United Parcel Service, Inc., 151 F.3d 757 (8th Cir.1998). There, in considering the severity of harassment within 180 days of the plaintiffs filing her EEOC complaint, our court stated that “we cannot say that a supervisor who pats a female employee on the back, brushes up *191 against her, and tells her she smells good does not constitute sexual harassment as a matter of law.” Id. at 762.. On this basis we reversed a grant of summary judgment in favor of the employer. Id. Additional facts cited today by the panel fell outside the 180 day period (comments about a coworker’s penis size and the compliments expressed). Id. at 761-62. Our court considered these comments only to the extent they “suggest that his later behavior presents a jury question,” id. at 762, not because they themselves presented one.
I submit that being embraced and kissed by a supervisor both before and after vocally objecting to such advances, being subjected to an intimate request, for personal body grooming that requires close bodily proximity, and being physically prevented from leaving a room by being held in place and kissed are at- least as severe as being patted on the back, brushed up against, and complimented by a supervisor. See id. 'at 762.
The facts of any alleged harassment should first and lastly be considered on their own merit without comparing them line by line to a summation of facts in some other case which the court has or has not considered to be triable. None of the other cases cited by the panel here would preclude a finding that McMiller was subjected to a severe hostile work environment. Circumstances which increase the severity here were not present in those cases. In Duncan v. General Motors Corp., 300 F.3d 928, 931 (8th Cir.2002), excepting “four or five occasions when [the alleged harasser] would unnecessarily touch” the plaintiffs hand while handing off the telephone, there- was no allegation of any physical harassment. Similarly, in Anderson v. Family Dollar Stores of Arkansas, Inc., 579 F.3d 858, 862 (8th Cir.2009) the only physical conduct alleged was the harasser rubbing the plaintiffs back and shoulders. The touching and kissing in this case are undeniably more intimate and severe than the physical conduct of those cases.
Moreover, it is undisputed here that Brown was McMiller’s direct supervisor, a factor not present in LeGrand v. Area Resources for Community and Human Services, 394 F.3d 1098, 1101 (8th Cir.2005). In light of the relative power positions present in the workplace, it is not surprising that the Supreme Court has assigned greater significance to the actions of supervisors than coemployees generally. See Faragher, 524 U.S. at 805, 118 S.Ct. 2275.
The Supreme Court has made clear that in every case we must examine all the circumstances and that no single factor must be shown. Harris, 510 U.S. at 23, 114 S.Ct. 367. All that is required is that harassing conduct be severe or pervasive enough to alter the conditions of employment and create a hostile work environment. Id. at 21, 114 S.Ct. 367. The repeated and physical nature of the supervisor’s conduct here, spanning from the first week to the last month of McMiller’s employment, make the harassment in this case severe enough to create a triable issue as to whether she was subjected to a hostile work environment. The district court’s grant of summary judgment on McMiller’s harassment claim should therefore be reversed and rémanded for trial.